IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. PENDLETON,
    Petitioner,
    v.
RAYMOND J. SOBINA, WARDEN,
S.C.I. SOMERSET,
    Respondent

Case No. 3:02-cv-168-KRG-KAP

## Report and Recommendation

### Recommendation

Petitioner filed a Rule 60(b) motion, docket no. 15, asserting that his first habeas corpus petition should be re-opened. Petitioner's motion should be denied. Petitioner's motions to supplement the record, docket no. 22, docket no. 24, are granted.

### Report

Petitioner has filed approximately a dozen attacks in federal court on his life sentence for second degree murder since it was imposed in May 1999 by the Court of Common Pleas of Allegheny County. See e.g. Pendleton v. Court of Common Pleas, Case No. 2:11-cv-237-KRG-KAP (W.D.Pa. March 25, 2011).

Petitioner filed this, his first habeas petition in June 2002. It was dismissed as untimely in November 2003, and the Court of Appeals denied a certificate of appealability in June 2004, because the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)'s statute of limitations, 28 U.S.C.§ 2244(d), requires that habeas corpus petitions under 28 U.S.C.§ 2254 be filed within one

year of the date the petitioner's judgment of sentence became final:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1)(A)-(D).

In 2010 the Supreme Court, following the lead of the lower courts including our Court of Appeals, held that equitable tolling of the limitations period in habeas cases was available, provided that a petitioner showed "extraordinary circumstances," that is: 1) he has been pursuing his rights with reasonable diligence and 2) some extraordinary circumstances prevented the timely filing of the petition. <u>Holland v. Florida</u>, 130 S.Ct. 2549, 2562-63 (2010). Petitioner asserts that <u>Holland v. Florida</u> means that his youth and the obstacles at S.C.I. Pine Grove to his <u>pro se</u> efforts to attack his conviction were extraordinary circumstances that should equitably toll the limitations period.

The Court of Appeals has recently held that language barriers may constitute "extraordinary circumstances." Pabon v. Mahanoy, 2011 WL 2685586 (3d Cir. July 12, 2011). After Pabon, jurists of reason could easily find that youth and inexperience similarly constitute extraordinary circumstances justifying equitable tolling. Pabon and Holland do not, however, stand for the proposition that a legal argument that petitioner could have made in 2002 (when he in fact made other claims that equitable tolling applied in his case, see docket no. 8, can be made belatedly in 2011.

I further do not recommend the issuance of a certificate of appealability because petitioner fails to make a substantial showing that any constitutional right of his was denied. To the contrary, Pendleton repeatedly asserts only a convoluted and meritless theory that his conviction violated the Constitution because of the alleged invalidity under Pennsylvania law of the coroner's jury which conducted preliminary proceedings in his case. Petitioner is incarcerated pursuant to the judgment of the Court of Common Pleas of Allegheny County, and even if the status of coroner's juries were as murky as petitioner has claimed, it would not affect the validity of his conviction or sentence.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 18 July 2011

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Michael J. Pendleton DY-1646
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510