IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. PENDLETON,
      Petitioner,
    v.
RAYMOND J. SOBINA, WARDEN,
S.C.I. SOMERSET,
      Respondent

Case No. 3:02-cv-168-KRG-KAP

## Report and Recommendation

### Recommendation

Petitioner has filed another Rule 60(b) motion, docket no. 32, asserting that his first habeas corpus petition should be re-opened. The motion is really a successive habeas petition. Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the petition should be dismissed without a certificate of appealability.

### Report

This motion to vacate follows Pendleton's last motion to vacate by about four years, see docket no. 25 (my Report and Recommendation), docket no. 27 (the Court's order) and docket no. 31 (the Court of Appeals' denial of a certificate of appealability at No. 11-4000, noting that Pendleton had already been denied leave to file a successive habeas petition on the same grounds at No. 10-4072). See also Pendleton v. Court of Common Pleas, Case No. 2:11-cv-237-KRG-KAP (W.D.Pa. March 25, 2011), certificate of appealability denied, No. 12-1679 (3d Cir. September 20, 2012).

The motion to vacate is not an attack on the decision or the process used to reach the decision in the original habeas

matter, it is an attack on Pendleton's underlying conviction. That makes it a successive petition, and this court cannot hear a second or successive petition for a writ of habeas corpus unless it has been authorized to do so by the Court of Appeals after consideration of a motion filed in the Court of Appeals. 28 U.S.C.§ 2244(b)(3). The Court should follow its standard practice, see e.g. Allen v. Cameron, Case No. 3:15-cv-79-KRG-KAP (May 21, 2015); Thompson v. Krumenacker, Case No. 3:11-cv-156-KRG-CB (October 11, 2011), and dismiss the petition (or deny the motion) without prejudice to Pendleton's filing of a motion for permission to file a second or subsequent petition.

Pendleton is not able to file a successive habeas petition unless he shows that he meets the gatekeeping requirements codified at 28 U.S.C.§ 2244(b)(2)(A)("... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court...") or (B)(ii)("facts [that] if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.") The Court of Appeals determines whether Pendleton has met those requirements, and under 28 U.S.C.§ 2244)b)(3) it is to the Court of Appeals that he must apply.

I note that an additional barrier to Pendleton proceeding here is that he **has** a pending habeas petition. Pendleton v. Rozum, Case No. 3:12-cv-195-KRG-KAP (W.D.Pa.), authorization to proceed granted, No. 12-3617 (3d Cir. October 3, 2013). That petition is currently stayed pending resolution (it is expected) in the forthcoming term of the Supreme Court of the question whether Miller v. Alabama, 132 S.Ct. 2455 (2012) applies retroactively. I am not aware of any authority that permits Pendleton to proceed with multiple habeas petitions simultaneously, especially when he is represented by counsel in Case No. 3:12-cv-195-KRG-KAP (W.D.Pa.).

A certificate of appealability should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2). The Supreme Court held in Slack v. McDaniel, 529 U.S. 473, 484 (2000), that:

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

It is not debatable that this Court cannot proceed without authorization from the Court of Appeals. No certificate of appealability should issue.

3

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: 11 June 2015

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

    Michael J. Pendleton DY-1646
    S.C.I. Somerset
    1600 Walters Mill Road
    Somerset, PA 15510